**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                               )
**UNITED STATES OF AMERICA,**  )
                               )
     **v.**                     )
                               )    **Criminal Action No. 10-178 (RWR)**
**CALEB GRAY-BURRISS,**       )
                               )
     **Defendant.**         )
_____)

## MEMORANDUM ORDER

The defendant moved on October 17, 2012 to continue the November 2, 2012 trial date. He cites several principal reasons: 1) one of his two counsel, Patrick J. Christmas, Esq., just received on October 9 and 11, 2012, copies of over 2,000 pages of statements from non-testifying witnesses and testifying witnesses, agent notes and other Jencks materials, and government trial exhibits; 2) fourteen potential witnesses had not yet been contacted by the defense; 3) the expert forensic accountants retained by the defense had not been properly prepared; and 4) despite the time he has spent thus far preparing for trial, Christmas is not and will not be fully prepared for trial particularly given his other upcoming court appearances.

The court is not unsympathetic to the difficulties trial lawyers encounter in preparing for trial in multiple-count criminal cases. Defense counsel in particular do not have at their disposal the breadth of investigative resources that are available to federal prosecutors. That is partly why the

defendant has been granted the numerous continuances and accommodations he has sought for over more than two years to review extensive discovery materials, locate potential expert witnesses, identify and litigate pretrial motions, pursue potential dispositions of the charges short of trial, adjust for counsel's family emergencies, and provide for continuity of counsel.[1]

Over 27 months after the original indictment was returned in this case, though, the public interest in resolving these charges timely and the court's interest in the fair and efficient administration of justice and management of its docket of cases warrant weighty consideration as well. Given the history of this case, the defendant's proffered reasons for a trial continuance are not compelling.

The government produced, as a courtesy, copies of statements of people who will not be trial witnesses, material that the government was not even required under the Jencks Act, 18 U.S.C. § 3500, to produce. The government vowed two years ago to provide to the defense one week before trial the materials the Jencks Act does not even require it to produce until after the

---

[1] At one point before Christmas entered his appearance as retained counsel, the court had appointed a second counsel under the Criminal Justice Act ("CJA") to help represent the defendant when his original and still current CJA counsel, H. Heather Shaner, Esq., faced family health emergencies that at the time made her continuing availability uncertain.

witness has testified at trial. Instead, the government produced the Jencks statements three weeks before trial. Moreover, receiving courtesy copies of government trial exhibits three weeks before trial is a benefit, not a burden.[2] The recent document production poses no basis for a continuance.

Nor does any professed need to interview more witnesses. Twenty-seven months is not too short a period of time to allow such interviews to have occurred. The defendant has not even shown why the time between now and the start of trial would preclude his attorneys or investigator from accomplishing those interviews, or how interviews of those particular witnesses are critical to preparing his defense. In addition, his need to prepare experts has been mooted by his complete failure to have complied with his reciprocal discovery obligations under Federal Rule of Criminal Procedure 16(b)(1)(C) and the October 17, 2012 Order granting the government's motion to preclude the defense

---

[2] The government certainly cannot be accused of ambushing the defense with last-minute discovery production. After the original indictment was returned, the government announced at the October 29, 2010 status hearing, and the defense confirmed, that all discovery had been produced. After the first superseding indictment was returned, the government produced all additional discovery by the June 8, 2011 status conference, which the defense confirmed at that time. Likewise, the government and defense agreed at the September 6, 2012 status hearing -- attended by both Shaner and Christmas -- that all additional discovery had been produced after the second superseding indictment had been returned.

from presenting expert testimony.  That issue poses no basis for a continuance, as the Order explains.

Lastly, it may be understandable that Christmas may not feel fully prepared to conduct the trial on the current date set, given the recency (July 27, 2012) of his appearance in the case. Here, though, that poses no basis for a continuance.  H. Heather Shaner, Esq., the defendant's CJA counsel from the beginning of the case over 27 months ago, still represents him.  This past June before Christmas entered his appearance, Shaner and the government announced that there were no impediments to trial-readiness by all parties.  The defendant is represented by able, experienced CJA counsel who has been on the case throughout.  He has the benefit of two experienced counsel, not just Christmas. They can be expected to adjust trial responsibilities to achieve the zealous and effective representation to which the defendant is entitled.  Accordingly, it is hereby

ORDERED that defendant Caleb Gray-Burriss's motion [141] to continue the trial be, and hereby is, DENIED.

SIGNED this 19th day of October, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge